**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AILICEC IRAOLA NAPOLES,

      Petitioner,

v.

                            Case No. 2:26-cv-01343-MIS-KK

DORA CASTRO, in her official capacity as
Warden, Otero County Processing Center;
MARY DE ANDA-YBARRA, in her official
capacity as Field Office Director of the El
Paso Field Office of Enforcement and
Removal Operations, U.S. Immigration and
Customs Enforcement; TODD M. LYONS,
in his official capacity as Acting Director,
Immigration and Customs Enforcement, U.S.
Department of Homeland Security;
MARKWAYNE MULLIN, in his official
capacity as Secretary, U.S. Department of
Homeland Security; and TODD BLANCHE,
in his official capacity as Acting Attorney
General of the United States,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Ailicec Iraola Napoles's Petition for

Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 29, 2026.

Petitioner is a citizen of Cuba who entered the United States illegally near Yuma, Arizona

on January 5, 2022. Id. at 1; Notice to Appear, ECF No. 1-1. The same day, the Department of

Homeland Security charged Petitioner with being inadmissible under Section 212(a)(6)(A)(i) of

the Immigration and Nationality Act ("INA"), issued her a Notice to Appear, and placed her in

removal proceedings. See Notice to Appear, ECF No. 1-1. Petitioner was then released from

custody pending removal proceedings.  See Pet. at 1-2.  She subsequently filed an application for asylum, which remains pending.  Id. at 2.

On April 3, 2026, Petitioner was arrested in Odessa, Texas for violation of a local ordinance.[1]  See Form I-213 Narrative at 2, ECF No. 7-4.  On April 7, 2026, Petitioner was released to the custody of U.S. Immigration and Customs Enforcement.  Id.  The same day, Petitioner was transferred to the Otero County Processing Center, where she is currently detained.  See Notice to EOIR: Alien Address (Apr. 9, 2026), ECF No. 7-6.

On April 29, 2026, an Immigration Judge issued an Order denying Petitioner's request for custody redetermination on the following grounds: "[Petitioner] entered the US without inspection in January of 2022.  Due to [Petitioner's] manner of entry, this court lacks jurisdiction to issue a bond hearing in [Petitioner's] case."  ECF No. 1-2.

On April 29, 2026, Petitioner filed the instant Petition arguing that her detention violates the INA and Fifth Amendment Due Process Clause.  Id. at 17-18.  She requests a writ of habeas corpus requiring that Respondents immediately release her or, alternatively, provide her a bond hearing.  Id. at 19.

On April 30, 2026, the Court issued an Order to Show Cause, ECF No. 4, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days.  Id. at 3.  The Order reminds Respondents "that this Court has already decided the issues the Petition appears to present and granted the relief Petitioner requests here."  Id. (citations omitted).  As such, the Court ordered that Respondents

---

[1]    Although the Petition indicates that Petitioner was arrested on November 21, 2024, ECF No. 1 at 1, this appears to be incorrect based on the records provided by Respondents.

must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings." Id. at 4.

On May 14, 2026, the Federal Respondents filed a Response to the Petition.  ECF No. 7. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 4.  However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 3.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1.    The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Ailicec Iraola Napoles from custody/detention;

3.    Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4.    Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE